# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3290

_____

| | | |
|---|---|---|
| John Doe, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gothriel LaFleur, in his official | * | District of Minnesota |
| capacity as Minnesota Commissioner | * | |
| of Corrections; William Finney, | * | |
| sued as William K. Finney, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 10, 1999

Filed:  June 10, 1999

_____

Before McMILLIAN, HEANEY and FAGG, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

John Doe, a Minnesota prisoner, appeals from a final order entered in the United States District Court for the District of Minnesota granting summary judgment in favor of the Minnesota Commissioner of Corrections (Commissioner) and holding that the Minnesota Community Notification Act (MCNA) does not violate the ex post facto clause as applied to him. Doe v. LaFleur, No. CV 97-1936 (D. Minn. Aug. 3, 1998)

(adopting magistrate judge's report and recommendation, id. (July 2, 1998) (hereinafter Report & Recommendation)). For reasons stated below, we dismiss the case.

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1331. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

The MCNA permits notification of a convicted sex offender's release into the community to certain members of the public in areas where the individual is anticipated to live or work. The individual's classification as a level I, II, or III sex offender determines the scope and degree of the community notification. Under the MCNA, community notification is permitted regardless of whether the individual was convicted before or after the enactment of the MCNA, which became effective on January 1, 1997.

Doe pled guilty in 1992 to multiple counts of criminal sexual conduct involving minors. He served approximately five and one-half years in prison and was scheduled for release into the community in 1997, upon completion of a residential program at a halfway house located in St. Paul, Minnesota. Prior to his release from prison to the halfway house, he was classified as a level III sex offender (i.e., in the highest risk classification) for purposes of determining the applicable community notification standards under the MCNA. Doe challenged his level III classification administratively and, upon being denied relief, brought the present action in federal district court, alleging that the MCNA violates the ex post facto clause as applied to him.

While this matter was pending in the district court and Doe was still residing at the halfway house, he violated the rules of the residential program by having contact with minors and failing to account for his time going to and from work. Doe's supervised release was revoked, and he was returned to prison to serve the remainder of his sentence, which expires in May of 2000.

Notwithstanding Doe's return to prison, his constitutional challenge to the MCNA was not dismissed as moot. The magistrate judge to whom the case had been referred explained: "Neither party believes that the issue presently before the Court is moot even though the Plaintiff has been reconfined to serve out his sentence. The Court agrees that, given the Plaintiff's eligibility for release in November of 1998, the issue is not moot." Report & Recommendation at 5 n.3 (citing Honig v. Doe, 484 U.S. 305 (1988); United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)).

At oral argument in the present appeal, which took place on May 10, 1999, the parties confirmed that, as of that time, Doe had not been released from prison nor was he scheduled to be released from prison prior to the expiration of his sentence in May of 2000. We now hold that the present case is moot.

> "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." "It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues." "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."
>
> A moot case calls into question Article III's case or controversy requirement; therefore, we must first "consider and rule upon the mootness question this case presents." Further, if this case is indeed moot, we must refrain from reaching the merits because any opinion issued would be merely "advisory" and rest on hypothetical underpinnings.

Missouri v. Craig, 163 F.3d 482, 484 (8th Cir. 1998) (citations omitted).

We also hold that this case does not fall within the exception to the mootness doctrine for cases "capable of repetition yet evading review." Assuming Doe is not released until sometime around May of 2000, he will have had over two additional

years in which to benefit from counseling and other rehabilitation programs in prison. Thus, while there is a distinct possibility that Doe will again be classified as a level III sex offender prior to his eventual release,[1] it is also possible that Doe will be classified differently. Furthermore, Doe will continue to be subject to the MCNA notification provisions, if applicable, after his release from prison. Thus, even if he does file another challenge to the MCNA at that time, his claim will not likely evade our review. The present case is therefore distinguishable from Honig v. Doe, 484 U.S. at 322-23,[2] in which the Supreme Court held that the "capable of repetition yet evading review" exception applied where the plaintiff would no longer be eligible for the pertinent statutory protections once the plaintiff reached a certain age. Nor is this case similar to United States v. W.T. Grant Co., 345 U.S. at 632,[3] in which the defendants voluntarily ceased the challenged conduct. To the contrary, Doe himself was responsible for the revocation of his impending release into the community and the Commissioner has at all times been prepared to go forward with the litigation.

---

[1]To the extent that Doe's present constitutional challenge is now based upon the anticipation that he will, in the future, again be classification as a level III sex offender, it is not ripe and any disposition by this court would be purely advisory.

[2]In Honig v. Doe, 484 U.S. 305, 322-23 (1988), the Supreme Court declined to dismiss as moot a claim brought by an adolescent disabled student alleging violation of Education of the Handicapped Act (EHA). The Court held that the "capable of repetition yet evading review" exception applied because there was a reasonable likelihood that the discipline complained of would be repeated, but any student bringing such a challenge would be too old to qualify for EHA protection by the time review could be obtained in the Supreme Court.

[3]In United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953), the Supreme Court held that the case was not moot where the defendant corporations, which had engaged in a business practice alleged by the government to violate the Clayton Act, voluntarily ceased the challenged practice and disclaimed any intent to revive it.

For the reasons stated, we hold that the present constitutional challenge to the MCNA, under the ex post facto clause, is now a moot issue as applied to Doe. Accordingly, we vacate the district court's judgment and remand the case to the district court with instructions to dismiss the case. See Missouri v. Craig, 163 F.3d at 486 (citing United States v. Munsingwear, 340 U.S. 36, 39 (1950)).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.