# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4058

_____

| | | |
|---|---|---|
| Minnesota Humane Society; Friends of | * | |
| Animals and Their Environment; | * | |
| Humane Society of the United States, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jamie Clark, Director, United States | * | |
| Fish and Wildlife Service; U.S. | * | |
| Department of Interior, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 17, 1999
Filed: August 24, 1999

_____

Before MURPHY and MAGILL, Circuit Judges, and REASONER,[*] District Judge.

_____

MAGILL, Circuit Judge.

The Minnesota Humane Society and two other organizations (collectively Humane Society) brought an action against the United States Fish & Wildlife Service (FWS) challenging FWS's issuance of a permit to the Minnesota Department of Natural

_____

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Resources (MDNR), which authorized the roundup and killing of several thousand giant Canada geese. Upon the parties' cross-motions for summary judgment, the district court[1] dismissed the Humane Society's claim as moot because the roundup and killings had by that time been completed. We affirm.

**I.**

The giant Canada goose is a migratory bird protected by a treaty between the United States and Great Britain on behalf of Canada, see Migratory Bird Treaty, Aug. 16, 1916, U.S.-Gr. Brit., 39 Stat. 1702, and the subsequently enacted Migratory Bird Treaty Act (MBTA), 16 U.S.C. §§ 703-712. This treaty, statute, and the accompanying regulations generally prohibit anyone from taking or destroying giant Canada geese unless specially authorized to do so by FWS, the agency within the Department of the Interior charged with implementing the MBTA. See 16 U.S.C. § 704; 50 C.F.R. § 21.11.

Since 1982, MDNR has annually sought and received permits to relocate a number of geese from the Minneapolis-St. Paul metropolitan area. Beginning in 1995, MDNR began seeking permits to allow not only relocation, but also killing of the geese. On May 14, 1998, FWS issued a permit to MDNR authorizing it to round up 7,000 geese and kill up to 2,500 of them. The plan, as it had been in the past, was to conduct the roundup during the June 1998 molting season, when the geese are easier to capture.

On May 29, 1998, before the roundups began, the Humane Society filed a complaint and moved for a preliminary injunction to prevent the roundup and killings. The essence of the Humane Society's complaint is that FWS issued a depredation

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

permit -- which allows killing of the geese -- despite the fact that MDNR did not make the required showing to obtain the permit.  On June 12, 1998, the district court denied the motion for the preliminary injunction.  The Humane Society did not appeal this ruling.  Both parties later moved for summary judgment.  By the time briefing was completed on the motions, however, the roundup and killings had been completed.  Consequently, on November 2, 1998, the district court dismissed the Humane Society's action as moot.

## II.

The Humane Society argues that the action is not moot because it is capable of repetition yet evading review.  We review a dismissal for mootness de novo.  See St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, 96 F.3d 323, 329 (8th Cir. 1996).

A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action.  See Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998).  Nevertheless, an exception to the mootness doctrine exists where the challenged conduct is "capable of repetition, yet evading review."  Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (quotation marks omitted).  Under this exception, a court may hear an otherwise moot case when (1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.  See Hickman, 144 F.3d at 1142-43.  "The capable of repetition yet evading review rule is an extraordinary and narrow exception to the mootness doctrine."  Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999); see also Missouri ex rel. Nixon v. Craig, 163 F.3d 482, 485 (8th Cir. 1998) (exception applies only in "exceptional circumstances" (quotation marks omitted)).  In this case, FWS concedes that the action is capable of repetition.  The dispute here concerns whether the nature of the challenged action is such that it evades review.

The Humane Society contends that the short time frame between the issuance of the permit and the removal and killing of the geese prevents timely review of their claim. However, after the district court denied its motion for a preliminary injunction, the Humane Society could have immediately appealed that denial, see 28 U.S.C. § 1292(a)(1), and sought an injunction pending appeal. See Fed. R. Civ. P. 62(c) ("When an appeal is taken from an interlocutory or final judgment . . . denying an injunction, the court in its discretion may . . . grant an injunction during the pendency of the appeal . . . ."). The Humane Society also could have sought an expedited appeal, a remedy which this court has granted in the past. See, e.g., Henderson v. Bodine Aluminum, Inc., 70 F.3d 958, 960 (8th Cir. 1995) (per curiam) (appeal heard three days after action filed); South Dakota v. Hazen, 914 F.2d 147, 148 (8th Cir. 1990) (appeal heard within seven days of grant of preliminary injunction). When a party has these legal avenues available, but does not utilize them, the action is not one that evades review. See Craig, 163 F.3d at 485 (referring to availability of preliminary injunctions, emergency stays, and expedited appeals and holding that case was not one evading review when plaintiff did not seek expedited review and relief); Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1173 (8th Cir. 1994) (noting that case was not one evading review when party could have sought, but did not seek, injunction pending review of denial of preliminary injunction).

**III.**

For the foregoing reasons, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.