In re Mavis LaBULE, Debtor.

Mavis LaBule, Plaintiff,

v.

Minneapolis Public Housing Authority, in and for the City of Minneapolis, a body politic and corporate, Defendant.

Bankruptcy No. 99–42622.
Adversary No. 00–4004.

United States Bankruptcy Court,
D. Minnesota.

July 5, 2000.

ORDER REGARDING COMPLAINT
FOR INJUNCTIVE AND DE-
CLARATORY RELIEF

ROBERT J. KRESSEL, Bankruptcy
Judge.

This proceeding came on for trial on the plaintiff's complaint seeking injunctive and declaratory relief. The plaintiff appeared *pro se* and Carol A. Kubic appeared for the defendant.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O).

## BACKGROUND

In 1995, Mavis LaBule became a tenant in a publicly subsidized apartment building operated by the Minneapolis Public Housing Authority. In November 1998, MPHA brought an action against LaBule in state housing court seeking her eviction because she failed to complete the 1997 rent redetermination, and seeking a judgment for back rent assessed as a result of LaBule's underpayment since the prior annual redetermination.

The housing court tried the matter in early 1999 and entered judgment against LaBule in unlawful detainer on May 7, 1999, staying the writ of restitution until May 14, 1999. LaBule sought protection from the pending writ of restitution by filing a voluntary petition under Chapter 7 early on May 14, 1999. LaBule received a discharge in her bankruptcy case, including her debt to MPHA for back rent, on August 23, 1999.

On December 3, 1999, MPHA moved the state housing court to issue its stayed writ in the unlawful detainer action against LaBule as a writ of recovery, not seeking to collect the back rent debt but ordering her eviction. Shortly thereafter LaBule removed the unlawful detainer action to this court. On January 11, 2000, LaBule filed this adversary proceeding seeking injunctive and declaratory relief for violations of 11 U.S.C. § 524(a)(3) and § 525(a), and

seeking sanctions against MPHA. I remanded the unlawful detainer action to the housing court on January 13, 2000.

On January 24, 2000, the housing court issued the writ of restitution. On January 27, the Hennepin County Sheriff posted a 24–hour notice of forcible ouster, prompting LaBule to bring a motion for a temporary restraining order before this court. The motion was denied. LaBule vacated the MPHA apartment on January 31, 2000.

## DISCUSSION

### Count III

Count III seeks a finding of contempt and an order for sanctions against MPHA for violation of the discharge injunction. On March 20, 2000, MPHA moved for summary judgment in this proceeding. LaBule answered and opposed the motion and filed a cross motion for summary judgment. Noting that contempt was a sanction for violating a court order, not a statute, I granted MPHA's motion in part, only as to Count III of LaBule's complaint.

### Count II

The second count of LaBule's complaint sought a permanent injunction to prohibit MPHA from evicting her from her public housing. However, having been unsuccessful in seeking a temporary restraining order, LaBule was evicted and left her MPHA apartment many months ago.

■ "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." See *Minnesota Humane Society v. Clark*, 184 F.3d 795, 797 (8th Cir.1999) (humane society action dismissed as moot because society lost preliminary injunction to prevent wildlife service from roundup and kill of Canadian geese and geese were rounded up and killed by the time briefing was completed).

■ LaBule has already been evicted from her apartment and the court is therefore powerless to afford her the relief requested, that is, to prohibit her eviction. "[M]ootness, however it may have come about, simply deprives [the court] of [its] power to act; there is nothing … to remedy." See *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Because courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong," *Spencer*, 523 U.S. at 18, 118 S.Ct. 978, LaBule's request for injunctive relief in Count II is moot.

Even if I were to presume LaBule's complaint contained a request for damages as a result of the eviction, she did make any allegations nor offer any evidence of damages resulting from her eviction specifically or arising from her dispute with MPHA in general. Accordingly, the eviction is a past event which does not appear to have harmed LaBule, and which does not appear to presently cause or threaten any injury to LaBule.

### Count I

Finally, in Count I of her complaint LaBule seeks declaratory relief. Specifically, LaBule seeks a determination on the merits of whether the MPHA, by resuming eviction proceedings against LaBule following her bankruptcy, violated the discharge injunction set forth by § 524(a)(3) and the anti-discrimination provision of § 525(a).

■ There is in this case, however, no justiciable issue and a lack of effective relief available, and accordingly Count I is also moot. See *Haden v. Pelofsky*, 212 F.3d 466 (8th Cir.2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citations omitted); *see also State of Missouri v. Craig*, 163 F.3d

482, 485 (8th Cir.1998) (whatever wrong, if any, there may have been, changed circumstances have deprived us of the ability to provide the requested remedy and therefore the case is moot).

■ The court only has jurisdiction over "actual, ongoing cases and controversies," and "[i]t is of no consequence that the controversy was live at earlier stages in this case; it must be live when [I] decide the issues." *Id.; see also Shea v. Esensten*, 208 F.3d 712, 716 (8th Cir.2000).

■ The "case-or-controversy requirement [of Article III of the Constitution] subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a personal stake in the outcome of the lawsuit." *See Spencer*, 523 U.S. at 7, 118 S.Ct. 978 (citations omitted). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

"Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." See *Doe v. La-Fleur*, 179 F.3d 613, 615 (8th Cir.1999) (citations omitted).

■ Moreover, the case or controversy requirement applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief. *See Marine Equipment Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir.1993); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir.2000) (declaratory judgment is ripe for adjudication only where an actual controversy, a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests, exists).

■ LaBule has already been evicted from her MPHA apartment and there is no evidence that MPHA is trying to collect the back rent debt discharged by LaBule's bankruptcy. There is no evidence that MPHA discriminated or is presently discriminating against LaBule on the basis of her status as a debtor under the Bankruptcy Code. The declaratory relief requested would, even if granted, appear to be of no moment to anyone.

■ If a case is moot, it must be dismissed in order to avoid rendering a merely advisory opinion. *See Esensten*, 208 F.3d at 716; *see also LaFleur*, 179 F.3d at 615 (any opinion issued in a moot case is merely advisory and rests on hypothetical underpinnings). Were I to decide the merits of Count I, the opinion would be purely advisory. There is presently no live case or controversy between the parties in this case; the issues are no longer ripe as a result of circumstances changed since the inception of the case. Accordingly, the court is without jurisdiction and this count must also be dismissed.

## CONCLUSION

Federal jurisdiction is not created by a previously existing dispute. *See Marine Equipment*, 4 F.3d at 646 (citations omitted). Counts II and I being moot and lacking a live case or controversy, the case must be dismissed for lack of jurisdiction.

## ORDER

THEREFORE, IT IS ORDERED: Counts I and II of the plaintiff's complaint are dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.