# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1392

_____

|  |  |  |
|---|---|---|
| Frank Lupiani; Mary Lou Wagner;<br>Paul Brian Humphries; Larry Allen;<br>Jean Wright; Sandra Williams, on<br>behalf of themselves and others<br>similarly situated, | * <br> * <br> * <br> * <br> * <br> * |  |
| Plaintiffs - Appellants, | * |  |
| v. | * <br> * <br> * | Appeal from the United States<br>District Court for the Western<br>District of Arkansas. |
| Wal-Mart Stores, Inc.; Administrative<br>Committee, Associates' Health and<br>Welfare Plan; Wal-Mart Stores, Inc.,<br>Profit Sharing Administrative<br>Committee; Wal-Mart Stores, Inc.,<br>401(k) Administrative Committee;<br>Wal-Mart Stores, Inc., Retirement<br>Plans Committee; Individual Plan<br>Fiduciaries, | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |  |
| Defendants-Appellees, | * <br> * |  |
| Wal-Mart Profit Sharing Plan;<br>Wal-Mart Stores, Inc., 401(k)<br>Retirement Savings Plan; Associates'<br>Health and Welfare Plan, | * <br> * <br> * <br> * <br> * |  |
| Real Parties in Interest. | * |  |

_____

Submitted: December 15, 2004
Filed: January 19, 2006
_____

Before MELLOY, BRIGHT, and BOWMAN, Circuit Judges.
_____

MELLOY, Circuit Judge.

Plaintiff-employees appeal the district court's order dismissing their ERISA claims against Wal-Mart Stores, Inc. ("Wal-Mart") and related entities for lack of subject matter jurisdiction. We reverse and remand.

I.

The plaintiffs are participants in three employee benefit plans sponsored by Wal-Mart Stores, Inc. The three plans are: 1) a Profit Sharing Plan; 2) a 401(k) Pension Plan; and 3) a Health and Welfare Plan. These plans include a provision which states that "contractually excluded and certain other union represented associates" are not eligible for coverage. This Union Exclusion Clause is the basis for the present dispute.

The dispute regarding these plans arose when eleven automotive service technicians employed by Wal-Mart's Tire Lube Express in Kingman, Arizona, sought to form a union. The employees, with the assistance of the United Food and Commercial Workers Union (the "Union"), filed a petition with the National Labor Relations Board (the "Board"), and an election was scheduled for October 27, 2000. Wal-Mart strongly opposed any union representation of its associates. It sent a team

of labor relations managers to discourage the unionization effort. The team held meetings with the Wal-Mart employees to convince them to vote against union representation. The team also trained managers from the Kingman facility and other stores regarding how to combat unionization efforts.

The election was not held because the plaintiffs brought charges against Wal-Mart. The plaintiffs alleged that the Wal-Mart Union Exclusion Clause undermined the Union's efforts to unionize Wal-Mart associates. The plaintiffs further alleged that the clause made union-represented employees ineligible for certain benefits to which non-union employees were entitled.

The Board investigated the allegations and issued a complaint. An evidentiary hearing was held before an Administrative Law Judge. On February 28, 2003, the ALJ concluded that the clause violated Sections 7 and 8(a)(1) of the National Labor Relations Act (the "Act"). 29 U.S.C. §§ 157, 158(a)(1). The ALJ found that Wal-Mart "intentionally selected the specific language it did to ensure, to the extent it could, that its employees were fearful of losing their benefits, and, thus continued to reject union representation." The ALJ ordered Wal-Mart to rescind the Union Exclusion Clause and post notices informing employees of the rescission. On April 11, 2003, Wal-Mart filed exceptions to the ALJ's decision. The exceptions remain pending with the Board.

On May 29, 2003, the Board proffered a settlement proposal to Wal-Mart. The plaintiffs filed a motion to intervene in the Board proceeding and sought to stop the Board's efforts to reach a settlement. The settlement discussions are still reportedly in progress at this time.

The plaintiffs also brought this action in the United States District Court for the Northern District of California on June 4, 2003, asserting fourteen violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et

seq. In particular, the plaintiffs argued that the Summary Plan Descriptions ("SPDs") and Associate Benefit Books violated ERISA because the SPDs were misleading and inaccurate. The plaintiffs contended that the SPDs were misleading because they conflicted with the language in plan documents suggesting that union-represented employees' benefits were subject to good faith negotiations. The plaintiffs argue that Wal-Mart knowingly published inaccurate SPDs and that the exclusion improperly led employees to believe that they would lose their benefits if they chose to unionize. Further, the plaintiffs allege that by placing the union exclusion in the benefit books, Wal-Mart violated its fiduciary duties and that Wal-Mart engaged in transactions prohibited by sections 406(a) and (b). 29 U.S.C. § 1106(a)-(b). Finally, the plaintiffs stated that such actions interfered with participants' ability to obtain benefits in violation of section 510. 29 U.S.C. § 1140.

The plaintiffs sought injunctive relief, money damages in the form of disgorgement of all Wal-Mart profits caused by the clause, and attorneys' fees. Wal-Mart filed a motion to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and a motion to transfer the case to the Western District of Arkansas. On October 17, 2003, the district court in California granted a motion to transfer the case. It did not rule on the pending motion to dismiss.

On July 7, 2003, the District Court for the Western District of Arkansas dismissed the complaint because the court concluded that its jurisdiction over the entire matter was preempted by the primary jurisdiction of the Board under the Act. The plaintiffs now appeal that dismissal.

II.

We review a grant of a motion to dismiss under Rule 12(b)(1) de novo. Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 791 (8th

Cir. 2004). The central issue in this case is whether the district court properly determined that it lacked jurisdiction over the plaintiff's ERISA claims. The defendants alleged, and the district court agreed, that the court lacked subject matter jurisdiction because the alleged activities were subject to sections 7 and 8 of the Act.

Courts have held that, in general, the Act preempts a cause of action that seeks relief for conduct that is protected or prohibited by the Act. See San Diego Bldg. Trades Council, Millmen's Union, Local 220 v. Garmon, 359 U.S. 236 (1959). In Garmon, an employer brought an action in state court under state law against unions for an injunction to restrain picketing and damages. The Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." Id. at 245. In explaining its decision, the Court stated that "[it] is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board." Id. at 244-45. The Court further stated that "[o]ur concern is with delimiting areas of conduct which must be free from state regulation if national [labor] policy is to be left unhampered" and that "[t]o leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." Id. at 244, 246.

The rationale behind the Garmon preemption doctrine derives from the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2; Smith v. Nat'l Steel & Shipbuilding Co., 125 F.3d 751, 755 (9th Cir. 1997); Britt v. Grocers Supply Co., 978 F.2d 1441, 1445-46 (5th Cir. 1992). "Garmon and its progeny [were] primarily concerned with the conflict between federal labor policy and state laws." Smith, 125 F.3d at 755. In this case, unlike in Garmon, the potential conflict is not between federal and state law. Rather, it is between two federal statutes. The Supremacy Clause is not implicated when a case involves a potential conflict between

federal statutes. <u>Id.</u> The Supreme Court and our sister circuits have suggested in several instances that <u>Garmon</u> preemption is not implicated where the potential conflict is between two federal statutes and not between a federal law and a state law. <u>See, e.g.</u>, <u>Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6</u>, 493 U.S. 67, 75-76 (1989) (federal court has jurisdiction where the conflict is between a fair representation claim and the Act); <u>Int'l Bhd. of Boilermakers v. Hardeman</u>, 401 U.S. 233, 235-38 (1971) (federal court has jurisdiction where the conflict is between Labor-Management Reporting and Disclosures Act and the Act); <u>Smith</u>, 125 F.3d at 756 (federal court has jurisdiction where the conflict is between the ADA and the Act); <u>Britt</u>, 978 F.2d at 1447 (federal court has jurisdiction where the conflict is between the ADEA and the Act); <u>United States v. Boffa</u>, 688 F.2d 919, 931-33 (3d Cir. 1982) (federal court has jurisdiction where the conflict is between a federal criminal statute prohibiting mail fraud and the Act). Accordingly, in this case, it is questionable whether the <u>Garmon</u> doctrine is implicated where any potential conflict is between ERISA and the Act.

Here, we need not decide whether the <u>Garmon</u> preemption doctrine is implicated because ERISA and the Act are not in conflict. As such, the federal courts have jurisdiction over the ERISA claims in this case. The plaintiffs' claims can be separated into two types: 1) those addressing whether the SPD is accurate; and 2) those dealing with whether Wal-Mart's actions constituted an improper amendment of the plan that was a breach of its fiduciary obligations. For the claims related to the accuracy of the SPD to constitute an ERISA violation, the SPD must conflict with the terms of the plan documents, and the participant must demonstrate that he relied on, or was prejudiced by, the SPD's description of the plan benefits. <u>Koons v. Aventis Pharm., Inc.</u>, 367 F.3d 768, 775 (8th Cir. 2004). These elements of the plaintiffs' claim are not inextricably intertwined with the Act. To the contrary, it is possible to determine whether the SPD's terms are understandable and consistent with the plan documents without reference to substantive labor law. Further, the issue of whether

the plaintiffs relied on the Union Exclusion Clause does not involve the Act. The plaintiffs' claim references the Act; it does not depend on it.

The plaintiffs also contend that Wal-Mart's efforts to amend the plan breached its fiduciary duties under ERISA. See generally 29 U.S.C. § 1104(a)(1) (listing a plan administrator's fiduciary duties under ERISA). To determine whether Wal-Mart breached its fiduciary duties, it is not necessary to decide whether the Union Exclusion Clause violates the Act. Rather, the question to be asked is whether Wal-Mart, as a fiduciary, breached its "duties of loyalty and care [by] mislead[ing] plan participants or misrepresent[ing] the terms or administration of [the] plan." Anweiler v. Am. Elec. Power Serv. Corp., 3 F.3d 986, 991 (7th Cir. 1993). Accordingly, although the plaintiffs' causes of action reference the question of the legality of Wal-Mart's conduct towards unions, it does not depend on a determination of whether Wal-Mart's actions violated the Act. Therefore, because the plaintiffs' claims are not National Labor Relations Act claims to which Garmon preemption is inapplicable, the federal courts have jurisdiction. Smith, 125 F.3d at 756.

### III.

The court, sua sponte, raised the issue of mootness based on Wal-Mart's revision of the policy at issue. After considering the statements made at oral argument and the supplemental briefs offered by the parties, we conclude that the issues presented in this case are not moot.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues." Doe v. LaFleur, 179 F.3d 613, 615 (8th Cir. 1999) (internal quotations omitted). We must dismiss any case that is moot to avoid rendering an advisory opinion. Id. Wal-Mart argued that this case is moot because it altered the SPD such that the plaintiffs'

concerns have been addressed.  This case is not moot and remains live, however, because the issues of damages and attorneys' fees sought by the plaintiffs remain unaddressed.

## IV.

Because the court does have jurisdiction and the plaintiffs' claims are not moot, the district court's order to dismiss for lack of subject matter jurisdiction is reversed, and the case is remanded for further proceedings with respect to those claims.

_____