Nathaniel Sorkin, J.
Plaintiff, an attorney, seeks to recover from defendant surety company, under its payment and performance bond, the agreed price and reasonable value of legal *566 services rendered by him at the request of defendant’s principals, demolition subcontractors.
The bond covered performance of the principal’s contract and payment of ‘1 all lawful claims of sub-contractors, materialmen, laborers, persons, firms or other suppliers of teams, fuel, oils, implements or machinery furnished, used or consumed in the carrying forward, performing or completing of said contracts,” and was for the benefit of such lawful claimants as well as for the obligee, the general contractor.
The services performed by plaintiff consisted of arranging, with the active participation oi; the surety, modifications of the demolition contract with respect to progress payments, without which defendant’s principals could not have carried on the job. Through these arrangements, and with financial aid furnished by the surety, the demolition job was completed. Plaintiff was not paid by the subcontractors. During the progress of the arrangements, however, he advised defendant that its principals were not paying for his services and he was looking to it for payment under the bond.
Plaintiff contends that his services gave rise to a lawful claim covered by the bond in that they constituted work furnished and used in carrying forward the demolition contract.
No citation of authorities is needed to show that the contracts of sureties are to be construed like other contracts so as to give effect to the intention of the parties. In ascertaining that intention, we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument, and when we have thus ascertained their meaning, we are to give it effect. The responsibility of the surety is not to be extended or enlarged by implication or construction and is strictissimi juris (People v. Backus, 117 N. Y. 196; Davis Acoustical Corp. v. Hanover Ins. Co., 22 A D 2d 843).
The bond here related to lawful claims of materialmen, laborers, and of persons, firms or other suppliers of fuel, implements and the like, furnished and used in carrying forward the contract. It cannot be said that the attorney’s services were to be included as items provided by a materialman, nor can it logically be inferred that they were provided by a person or other supplier of fuel, implements and the like.
The question, then, for the court is whether the attorney ?s services can be considered the work of a “ laborer ” within the meaning of the bond. I think not.
The common and .ordinary signification of the term labor accords with the definition given by the best lexicographers, and is understood to be physical toil. And the term laborer is ordi *567 narily employed to denote one who subsists by physical toil in distinction from one who subsists by professional skill (American Sur. Co. of N. Y. v. Stuart, 151 S. W. 2d 886 [Texas]).
A laborer, as defined by Webster, is one who works at a toilsome occupation; a man who does work requiring little skill, as distinguished from an artisan; sometime called a “ laboring man.” Clerks and all that class of employees whose employment is associated with mental labor and skill are not considered laborers. Every human being who follows any legitimate employment, or discharges the duties of any office is, in a broad sense, a laborer. The President of the United States, Governors of States and Judges of our courts are all laboring men and women, in the sense that they do a great deal of hard work, much of which is, indeed, attended with physical and muscular exertion; but at the same time they cannot properly be termed manual laborers in the popular sense in which these words are understood and used. In determining whether a particular employee is really a laborer, the character of the work he does must be taken into consideration, and he must be classified, not according to the arbitrary designation given to his calling, but with reference to the character of his services (Oliver v. Macon Hardware Co., 98 Ga. 249; McPherson v. Stroup, 100 Ga. 228).
Plaintiff in the instant action would undoubtedly have been entitled to receive attorney’s fees from the defendant’s principals, but he cannot recover therefor from defendant on its bond.
Accordingly, with the issue of liability here resolved against the plaintiff it follows perforce that defendant is entitled to judgment dismissing the plaintiff’s complaint. It follows also that the third-party complaint is dismissed.