Gladys OAKES; Dale Huston, on behalf of themselves and all other Capitol Police employees of the Commonwealth of Pennsylvania similarly situated, Plaintiffs,

v.

COMMONWEALTH OF PENNSYLVANIA; Dorothy E. Thomas, Director of Police and Public Safety; Michael Driscoll, Deputy Secretary for Central Services; David Jannetta, Secretary of Department of General Services, Defendants.

Civ. A. No. 1:CV–94–486.

United States District Court, M.D. Pennsylvania.

Jan. 3, 1995.

Gary M. Lightman, Dianne M. Sheppard, Harrisburg, PA, for plaintiffs.

Michael L. Harvey, Office of Atty. Gen., Harrisburg, PA, for defendants.

1. There are two named Plaintiffs proceeding on behalf of over seventy other officers who have consented to being included as party plaintiffs, as provided for in 29 U.S.C. § 216(b). Although

*MEMORANDUM*

CALDWELL, District Judge.

Pending is the Defendants' motion for summary judgment or, in the alternative, a motion for partial summary judgment on the issue of willfulness. We exercise jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

## I. *Facts*

This case arises from the Plaintiffs'[1] employment as Capitol Police Officers by the Defendant, Commonwealth of Pennsylvania ("Commonwealth"). At all times relevant to this action, Defendant Thomas was Director of Police and Public Safety for the Commonwealth, Defendant Driscoll was Deputy Secretary for Central Services for the Commonwealth, and Defendant Jannetta was the Secretary of the Department of General Services of Commonwealth. All are sued in their official capacity only.

During the years 1991–1994, Plaintiffs worked five 8 hour shifts per seven day workweek and during each shift received a thirty minute meal break for which they were not compensated. Thus, their shifts were scheduled on an 8.5 hour basis. Plaintiffs argue that they should have been paid for 8.5 hours each day for a total of 42.5 hours per week, and that all hours over forty should have been paid at one and one-half times their regular rate, as required by the FLSA when an employee works more than forty hours in a workweek. In this action, they seek restitution for the thirty minute meal breaks for which they were not compensated.

## II. *Law and Discussion*

### A. Standard for Summary Judgment

██ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

referred to as a "class action" by the parties, Plaintiffs are not proceeding under Fed.R.Civ.P. 23.

that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Electric Industrial Co., Ltd., et al v. Zenith Radio Corp., et al,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986).

■ When a moving party has carried his or her burden under Rule 56, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'", and summary judgment must be entered in favor of the moving party. *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).

## B. Meal Periods

We must decide whether the thirty minute meal periods were compensable under the FLSA, which provides that

> no employer shall employ any of his employees who in any workweek is ... employed in an enterprise engaged in commerce, ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he is employed.

29 U.S.C. § 207(a). Although the term "work" is not defined in the FLSA, the Supreme Court has construed it to mean "physical or mental exertion ... controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949, 956 (1944). The Court also held that the test for whether compensation is required is whether the employee's time is spent predominantly for the employer's benefit or the employee's benefit. *Armour & Co. v. Wantock,* 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118, 124 (1944); *Skidmore v. Swift &*

*Co.,* 323 U.S. 134, 136–37, 65 S.Ct. 161, 164, 89 L.Ed. 124, 127–28 (1944).

■ The Department of Labor ("DOL") promulgated a regulation with regard to meal periods which provides that:

> *Bona fide meal periods.* Bona fide meal periods are not worktime.... The employee must be completely relieved from duty for purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

29 C.F.R. § 785.19(a). Despite the fact that the literal language of this regulation requires that the employee be "completely relieved from duty" to come within its scope, the courts have applied the "predominantly for the benefit of the employer" standard set forth in *Armour* and *Skidmore,* or a slight variation thereof, to determine whether the employee is entitled to compensation. *See, e.g., Avery v. City of Talladega,* 24 F.3d 1337, 1346 (11th Cir.1994); *Henson v. Pulaski County Sheriff Dept.,* 6 F.3d 531, 534 (8th Cir.1993); *Alexander v. City of Chicago,* 994 F.2d 333, 337 (7th Cir.1993); *Armitage v. City of Emporia,* 982 F.2d 430, 432 (10th Cir.1992); *Lamon v. City of Shawnee,* 972 F.2d 1145, 1156 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993); *Hill v. United States,* 751 F.2d 810, 814 (6th Cir.1984), *cert. denied,* 474 U.S. 817, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985); *McGrath v. City of Philadelphia,* 864 F.Supp. 466, 480 (E.D.Pa.1994); *Albee v. Village of Bartlett,* 861 F.Supp. 680, 684 (N.D.Ill.1994); *Bagrowski v. Maryland Port Authority,* 845 F.Supp. 1116, 1120 (D.Md. 1994). Although the Third Circuit has not addressed this issue, we agree with these courts that the "predominantly for the benefit of the employer" test should be employed to determine whether the Plaintiffs' thirty

minute meal breaks were compensable.[2]

■ Defendants contend that they are entitled to summary judgment because the "undisputed evidence showed that the plaintiffs were able to effectively use their meal period for their own purposes." [Defs.' Br. in Supp. of S.J. at 6]. They concede that the Plaintiffs were required to remain in uniform, carry their weapon, monitor their radio, respond to emergency calls, remain in the jurisdiction, and were not allowed to consume alcoholic beverages. However, they argue that because the Plaintiffs could sleep, read, play games, watch television, and go to restaurants within the jurisdiction, their meal periods were not predominantly for the benefit of the Defendants. Plaintiffs contend that there was an unwritten policy that no sleeping was permitted, eating at restaurants was discouraged, the playing of games and permissible reading materials were limited, and that Plaintiffs were not permitted to dine in any establishment that served alcoholic beverages. [Affidavits of Dale Huston, Alan Bolinger, Thomas Chiricos].

Further, Plaintiffs contend that they were required to assist other state employees and private citizens during their meal period, investigate any crimes or suspicious activity which they observed, and return to their post to unlock doors when called upon to do so. [Affidavit of Michael Shipp]. They also assert that there were restrictions on who they could eat with, they often had to answer the phones during their break, they could not use their private vehicle while on break, and they were not permitted to watch television in the lunchroom. [Affidavits of Jon Worley, Peter Papadoplos, Thomas Chiricos, Dale Huston]. Finally, Plaintiffs claim that their meal period began before they reached their destination, was often cut short because they were stopped by civilians and other state employees, and that sometimes they were unable to take their break at all. [Affidavits of Karl Sheaffer, Gladys Oakes, Jeannette Sheaffer, John Eland].

The facts in *McGrath v. City of Philadelphia* are similar to the facts in this action.

The Plaintiffs in that case were police officers who sought compensation for their thirty minute meal periods. The officers were required to remain in uniform during their break, respond to civilian requests for assistance and emergency calls, and they claimed that their meal periods were often non-existent or shorter than thirty minutes. *McGrath,* 864 F.Supp. at 482. The Defendants argued that because the officers could eat anywhere in the jurisdiction, read, go on personal errands within their sector, make personal calls and converse with other officers, the time was not compensable. *Id.* Placing great weight on the fact that the meal periods were often eliminated or shortened, the court held that summary judgment was inappropriate because material questions of fact remained. *Id.; see also Lamon,* 972 F.2d at 1156 (meal periods properly submitted to jury where officers were not permitted to conduct personal errands, had to respond to emergency and citizen requests, investigate crimes they witnessed, act in a professional manner, and eat within close proximity to the city). The regulations alleged by the Plaintiffs here, which are set forth above, were at least as restrictive as those in *McGrath.*

In many of the cases cited by the Defendants, there were similar restrictions placed upon the employees which the courts held were insufficient, as a matter of law, to require compensation. However, none of those cases contained restrictions as severe, or as numerous, as those set forth by the Plaintiffs. *See, e.g., Henson,* 6 F.3d at 536 (summary judgment was proper in favor of the employer even though employees had to answer civilian requests and emergencies because the employees could change out of uniform, go "wherever they please", run personal errands, and their thirty minutes began only when they reached their break destination). If the Plaintiffs were subjected to the written and unwritten restrictions which they allege, we believe that a jury could conclude that they were entitled to compensation.

2. Although many of these cases applied the benefit test to employers who were within the scope of 29 U.S.C. § 207(k), our conclusion is not affected because that section is not implicated here. *See McGrath,* 864 F.Supp. at 481; *Hill,* 751 F.2d at 814.

## C. Willfulness

If the jury determines that the Plaintiffs are entitled to compensation for their meal periods, Defendants assert that the time frame for which Plaintiffs could recover begins on April 1, 1992, two years before the complaint was filed. Plaintiffs seek compensation for their unpaid meal periods from January 21, 1991.

The statute of limitations in actions under the FLSA is "two years after the cause of action accrued, ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Defendants argue that they reasonably concluded, based upon existing law, that the meal periods were not compensable under the FLSA, and therefore, they cannot be found to have willfully violated the Act. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1682, 100 L.Ed.2d 115, 124 (1988). To show willfulness under the FLSA, the Plaintiff must prove that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute...." *Id.* at 133, 108 S.Ct. at 1681, 100 L.Ed.2d at 123.

Plaintiffs' argue that "Defendant is the Commonwealth of Pennsylvania. There is little doubt that Defendants are cognizant, or at least should be, of the law." [Pls.' Br. in Opp'n to S.J. at 14–15]. However, in *McLaughlin* the Court rejected such a claim, holding that "a standard [of willfulness] that merely requires that an employer knew that the FLSA 'was in the picture' ... virtually obliterates any distinction between willful and non-willful violations." *McLaughlin*, 486 U.S. at 132, 108 S.Ct. at 1681, 100 L.Ed.2d at 122. The Court found that "in common usage the word 'willful' is considered synonymous with such words as 'voluntary', 'deliberate', and 'intentional'." *Id.* at 133, 108 S.Ct. at 1681, 100 L.Ed.2d at 123.

Plaintiffs also contend that "in 1989, the plaintiffs brought the problems associated with unpaid meal periods to the State's attention through grievances and during contract negotiations." [Pls.' Br. in Opp'n to S.J. at 15]. The Plaintiff who made these claims was referring to two former employees, not parties to this action, who filed grievances for overtime pay which were later dropped. Their claim was for instances when they "could not take a lunch period per se" because they were the only supervisors on duty. [Affidavit of Karl Sheaffer]. However, the issue in the present action is not whether Plaintiffs should have been compensated when they were not permitted to take a break at all; the parties' employment contract required the Defendants to compensate the Plaintiffs if that occurred. [Defs.' Br. in Supp. of S.J. at 2]. Rather, the issue is whether Plaintiffs were entitled to compensation for that meal period whether they were called to duty or not. The alleged 1989 grievances did not, in any sense, alert the Defendants that the FLSA required them (assuming, *arguendo*, that it does) to pay the Plaintiffs for all meal periods.

Plaintiffs have not set forth any evidence that the Defendants intentionally violated the FLSA or that they were reckless in their consideration of its effect. The evidence reveals that the Defendants reasonably believed, based on the existing law, that the employees were not entitled to compensation for their meal breaks. We find that their conduct, if violative of the FLSA, does not amount to a willful violation.