# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2413

_____

| | | |
|---|---|---|
| Shelly Reimer; Richard Duysen; | * | |
| Cheryl Rasmussen; Carla Myrum; | * | |
| Sheryl Roesler; Linda Fugleberg; Bette J. | * | |
| Nelson; Lynne Honrud; Ellen Lodin; | * | |
| Dale Harold Myrum; Carol J. Buth; | * | |
| Vicky Palluck; Marianne P. Kalin; | * | |
| Joan L. Shepel; Tamara Jo Cook; Yvette | * | |
| R. Johnson; Belinda Schmidt; Lisa | * | |
| Puklich; Murray Moen; Deborah J. | * | |
| Anderson; Julie Kay Buth; Lynette | * | Appeals from the United States |
| Jensen; Judy Rehder; Connie Bruse; | * | District Court for the |
| Deedra A. Whalen; John Freeman; | * | District of North Dakota |
| Sharon R. Bjornson; Elizabeth M. | * | |
| Hermes; Jo Nelle A. Kuder; Michelle D. | * | |
| Nordick; Jeanette Buerkle; Rebecca J. | * | [TO BE PUBLISHED] |
| St. Marie; Leann Marie Herrmann; | * | |
| Barbara Ann Odegaard; Laura K. | * | |
| Larson; Terri L. Neyens; Gail E. Palmer; | * | |
| Karen Huseth; Inez Lere; Mary | * | |
| Liebenow; Keatha Mcleod; Lynelle M. | * | |
| Dick; Lori L. Habel; M. Colette Kroeten; | * | |
| Patricia A. Althoff; Sister Colette | * | |
| Werlinger; Jeanine M. Rau; Joyce | * | |
| Ramsey; Joan J. Anderson; Wanda | * | |
| Meyer; John Hoscheid; Amy Jahnke; | * | |
| Kristine R. Berseth; Julie Boe; Evelin | * | |
| Heck; Pam Kanenwisher; Jana Stenson; | * | |
| Theresa R. Hedman; Joan M. Niles; | * | |
| Claudia Houston; Ramona Kuehl; Diane | * | |
| E. Reese; Diane K. Gorman; Lora | * | |
| Wallgren; Lynnette Brosowske; Beulah | * | |

C. Misheski; Gayle Jean Mousseau; Karen M. Haaland-kelly; Lisa Jorgenson; Marlene E. Freeman; Polly Bakko; Kathleen M. Rue; Peggy J. Abrahamson-Syverson; Shirley Hedlund; Donna Stubstad; Colleen P. Frost; Tamara Hoaglund; Susan M. McCullough; Tamra Handegard; Peggy Lindstrom; Lynnette Anderson; Julie Lambertz; Kristi J. Bale; Susan Bischoff; Christie R. Evanger; Bonnie Bredell; Lael Jean Richards; Darla M. Schmitz; Sharon Baumler; Andrea K. Jones; Bonnie Halvorson; Denise M. Gaard; Jean M. Madsen; Patti J. Killoran; Judy Anderson; Nancy Cigelski; Patricia Hendricksen; Therese Stenger; Mark Vincent Zimmerman; Betty Zimmerman; Janet Deane; Wanda L. Davis; Cathy Bitterman; Doris Jean Gundberg; Brenda Kapitan; Marlys K. Hanson; Joanne A. Bye; Kathy Tehven, on behalf of themselves and others similarly situated,

Appellants,

Sister Juliana Wisnewski; Jan Sliper; Karen Gilbraith; Sara Disher; Mary Heiden; Roxanne Myhra; Mary Ann Stibbe; Wanda Mcgray-Moore; Dawn M. Brenamen, on behalf of themselves and others similarly situated,

Plaintiffs,

Rolinda Mix; Andrea Husen; Kathy

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

-2-

Giddings; Linda Stelzer; Karen O'Leary; *
Vicki Oberg; Jeanine M. Rundquist; *
Joann L. Sence-Mabo; Lorraine *
Dickerman; Gina Tiffany; Connie *
England; Grant T. Bauer; Barbara *
Schenck; Nancy Messerschmidt; *
Joy Mccracken; Bonnie Lynn Davies; *
Michelle J. Spangler; Susanne M. *
Fraasee; Vera Baumler; Nadine L. *
Rebsch; Cheryl R. Halvorson; Jill D. *
Anderson; Cindy Troftgruben; Sara *
Hanson; Yvonne L. Helion; Margaret *
Slagle; Dean A. Beyer; Colleen A. Abel; *
Kathy Henry; Teresa Erholtz, *
                                        *
              Appellants,               *
                                        *
Deb Wayman; Shayne M. Spokley; *
Wanda Borchert; Ida M. Jordheim, *
                                        *
              Plaintiffs,               *
                                        *
              v.                        *
                                        *
Champion Healthcare Corporation, a *
Delaware corporation, dba "DHHS" and *
"Dakota Heartland Health System"; *
Champion Healthcare Corporation of *
North Dakota, Inc., a North Dakota *
corporation, individually and as partner *
in Dakota/Champion Partnership, *
a North Dakota general partnership; *
Dakota/champion Partnership, a *
North Dakota general partnership, *
                                        *
              Appellees,                *
                                        *

Dakota Medical Foundation, a North     *
Dakota non-profit corporation,     *
individually and as partner in     *
Dakota/Champion Partnership, a North     *
Dakota general partnership,     *
    *
       Defendant.     *

_____

No. 00-2426

_____

Shelly Reimer; Richard Duysen;     *
Cheryl Rasmussen; Carla Myrum;     *
Sheryl Roesler; Linda Fugleberg;     *
Bette J. Nelson; Lynne Honrud; Ellen     *
Lodin; Dale Harold Myrum; Carol J.     *
Buth; Vicky Palluck; Marianne P. Kalin; *
Joan L. Shepel; Tamara Jo Cook; Yvette *
R. Johnson; Belinda Schmidt; Lisa     *
Puklich; Murray Moen; Deborah J.     *
Anderson; Julie Kay Buth; Lynette     *
Jensen; Judy Rehder; Connie Bruse;     *
Deedra A. Whalen; John Freeman;     *
Sharon R. Bjornson; Elizabeth M.     *
Hermes; Jo Nelle A. Kuder; Michelle D. *
Nordick; Jeanette Buerkle; Rebecca J. St.*
Marie; Leann Marie Herrmann; Barbara     *
Ann Odegaard; Laura K. Larson; Terri L.*
Neyens; Gail E. Palmer; Karen Huseth;     *
Inez Lere; Mary Liebenow; Keatha     *
McLeod; Lynelle M. Dick; Lori L.     *
Habel; M. Colette Kroeten; Patricia A.     *
Althoff; Sister Colette Werlinger; Jeanine*
M. Rau; Joyce Ramsey; Joan J.     *
Anderson; Wanda Meyer; John     *
Hoscheid; Amy Jahnke; Kristine R.     *

-4-

Berseth; Julie Boe; Evelin Heck; Pam *
Kanenwisher; Jana Stenson; Theresa R. *
Hedman; Joan M. Niles; Claudia *
Houston; Ramona Kuehl; Diane E. *
Reese; Diane K. Gorman; Lora Wallgren;*
Lynnette Brosowske; Beulah C. *
Misheski; Gayle Jean Mousseau; Karen *
M. Haaland-kelly; Lisa Jorgenson; *
Marlene E. Freeman; Polly Bakko; *
Kathleen M. Rue; Peggy J. *
Abrahamson-Syverson; Shirley Hedlund; *
Donna Stubstad; Colleen P. Frost; *
Tamara Hoaglund; Susan M. *
McCullough; Tamra Handegard; Peggy *
Lindstrom; Lynnette Anderson; Julie *
Lambertz; Kristi J. Bale; Susan Bischoff; *
Christie R. Evanger; Bonnie Bredell; *
Lael Jean Richards; Darla M. Schmitz; *
Sharon Baumler; Andrea K. Jones; *
Bonnie Halvorson; Denise M. Gaard; *
Jean M. Madsen; Patti J. Killoran; *
Judy Anderson; Nancy Cigelski; Patricia *
Hendricksen; Therese Stenger; Mark *
Vincent Zimmerman; Betty Zimmerman; *
Janet Deane; Wanda L. Davis; Cathy *
Bitterman; Doris Jean Gundberg; Brenda *
Kapitan; Marlys K. Hanson; Joanne A. *
Bye; Kathy Tehven, on behalf of *
themselves and others similarly situated, *
                                           *
                                           *

                Appellees, *
                                         *

Sister Juliana Wisnewski; Jan Sliper; *
Karen Gilbraith; Sara Disher; Mary *
Heiden; Roxanne Myhra; Mary Ann *
Stibbe; Wanda Mcgray-moore; Dawn *

M. Brenamen, on behalf of themselves   *
and others similarly situated,   *
  *
    Plaintiffs,   *
  *
Rolinda Mix; Andrea Husen; Kathy   *
Giddings; Linda Stelzer; Karen O'Leary;   *
Vicki Oberg; Jeanine M. Rundquist;   *
Joann L. Sence-Mabo; Lorraine   *
Dickerman; Gina Tiffany; Connie   *
England; Grant T. Bauer; Barbara   *
Schenck; Nancy Messerschmidt; Joy   *
McCracken; Bonnie Lynn Davies;   *
Michelle J. Spangler; Susanne M.   *
Fraasee; Vera Baumler; Nadine L.   *
Rebsch; Cheryl R. Halvorson; Jill D.   *
Anderson; Cindy  Troftgruben; Sara   *
Hanson; Yvonne L. Helion; Margaret   *
Slagle; Dean A. Beyer; Colleen A. Abel;   *
Kathy Henry; Teresa Erholtz,   *
  *
    Appellees,   *
  *
Deb Wayman; Shayne M. Spokley;   *
Wanda Borchert; Ida M. Jordheim,   *
  *
    Plaintiffs,   *
  *
    v.   *
  *
Champion Healthcare Corporation,   *
and its predecessor in interest dba   *
Dakota Heartland Hospital; Champion   *
Healthcare Corporation of North   *
Dakota, Inc., individually and as   *
partner in Dakota/Champion Partnership,   *
a North Dakota general partnership;   *

Dakota/champion Partnership, a      *
North Dakota general partnership,      *
     *
         Appellants,      *
     *
Dakota Medical Foundation, a North      *
Dakota non-profit corporation,      *
individually and as partner in      *
Dakota/Champion Partnership, a      *
North Dakota general partnership,      *
     *
         Defendant.      *

_____

Submitted: March 15, 2001

Filed: July 16, 2001
_____

Before BYE and JOHN R. GIBSON, Circuit Judges, and FRANK,[1] District Judge.
_____

BYE, Circuit Judge.

The appellants, a class of plaintiffs consisting largely of nurses, filed a civil action against their hospital employer, Dakota Heartland Health Systems, for wage claims under the Fair Labor Standards Act, 29 U.S.C. §§ 206 et seq. Following lengthy pretrial proceedings, the parties filed cross-motions for summary judgment. The district court[2] granted summary judgment to Dakota Heartland on the appellants' substantive claims. The district court also awarded attorney's fees to the appellants for a wage

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

calculation error that the hospital corrected after the civil action was filed. The attorney's fee award was based on the "catalyst theory."

The parties filed cross-appeals. We affirm the district court's grant of summary judgment on the substantive claims of the case based on its thorough, well-reasoned opinion. We vacate and remand for reconsideration the court's award of attorney's fees in light of the Supreme Court's recent decision in Buckhannon v. W.V. Dept., Health & Human Res., 121 S. Ct. 1835 (2001).

I

The appellants consist of current and former employees of Dakota Heartland Health Systems in Fargo, North Dakota. Most are nurses. During the relevant period, they were scheduled for off-premises "on-call" time. For on-call time, the nurses were paid less than the federal minimum wage by Dakota Heartland. The nurses' first claim is that their on-call time should have been compensated at the federal minimum wage pursuant to 29 U.S.C. § 206(a).

In resolving this claim, we must examine what on-call time involves. The record shows that when the nurses were on-call, they had a great deal of flexibility in their activities. Their primary requirement was that they had to be reachable by either cellular phone or beeper, or by leaving a phone number where they could be contacted. If called, they had to be able to report to the hospital within 20 minutes. On-call nurses were also prohibited from imbibing alcohol or using mind-altering drugs or medications.

Otherwise, the on-call nurses could do whatever they wished during on-call time. The nurses were not required to be at the hospital, or at their homes. They could play sports, work at home, go shopping, or visit friends and neighbors. The record shows that typically the nurses were not called in more than once per call shift. Between

-8-

January 1995 and April 1998, only 36 of the 136 plaintiffs were ever called in more than once. When they were called in, their on-call pay ceased, and the nurses began earning their regular hourly rates or overtime.

The second claim involves the precise formula Dakota Heartland used for calculating overtime wages. The nurses claim that it does not comply with the FLSA; Dakota Heartland contends that it does. The underlying dispute is over how to calculate the "regular rate" of pay as the multiplier for overtime pay. The district court considered the parties' two competing formulas, and found Dakota Heartland's formula to be the correct one.

The appellees have filed a cross-appeal. First, the appellees dispute a comment that the district court made in footnote 13 of its opinion. See Wisnewski v. Champion Healthcare Corp., No. CIV.A3-96-72, 2000 WL 1474414, at *8 n.13 (D.N.D. Jan. 11, 2000). The footnote concerns the possible effect of the outcome of a North Dakota state court action involving a meal break claim asserted by the appellants.

The appellees also cross-appeal the district court's award of attorney's fees to the nurses. The fees were based on the "prevailing party" fee-shifting provision of the FLSA, see 29 U.S.C. § 216(b). The claim on which the attorney's fees were based was effectively resolved before the summary judgment stage. Nonetheless, the court awarded the appellants attorney's fees under the "catalyst theory" of fee-shifting.

II

We review the district court's grant of summary judgment de novo. Spinden v. G.S. Roofing Prods. Co., 94 F.3d 421, 429 (8th Cir. 1996). The first issue on appeal is the district court's decision holding that the nurses' off-premises, on-call time did not constitute hours "worked" for Dakota Heartland. Because the FLSA applies only when the employee is "working" for the employer, this issue determines whether the

appellants' on-call hours were covered by the FLSA, and therefore whether they were entitled to be paid the federal minimum wage by Dakota Heartland, see 29 U.S.C. § 206.

The FLSA does not define when an employee is working for his or her employer. As a result, the burden has fallen largely on the federal courts, as well as the Department of Labor, to develop general criteria for deciding when an employee is working for the purposes of the FLSA. Most importantly, the Supreme Court developed a general approach for cases such as this in its twin decisions of Armour & Co. v. Wantock, 323 U.S. 126 (1944), and Skidmore v. Swift & Co., 323 U.S. 134 (1944). The Court held that an employee's time is "work" for the purposes of the FLSA if it is spent "predominantly for the benefit of the employer." Armour, 313 U.S. at 133. The Court noted that in some such cases "[f]acts may show that the [employee] waited to be engaged" and therefore was not working. Skidmore, 323 U.S. at 137-38. The Court stressed that the lower courts should take a "practical approach based on the realities of each case . . . ." Armour, 323 U.S. at 133.

We commend the district court's practical approach to this issue, and agree with its holding that the appellants' off-premises, on-call hours were not spent "predominantly for the benefit of the employer." See Armour, 323 U.S. at 133. As the record makes clear, there were very few restrictions placed on the appellants during their on-call hours. See Cross v. Ark. Forestry Comm'n, 938 F.2d 912, 916 (8th Cir. 1991) (evaluating restrictions on employees' personal activities). Short of drinking alcohol or taking mind-altering drugs, the appellants could pursue a virtually unlimited range of activities in town or at home.

Moreover, it was relatively uncommon for the appellants to be called in more than once during their on-call schedules. As the district court noted, in over a three-year time span, only about a quarter of the appellants were actually called in more than once during their scheduled on-call times. See Wisnewski, 2000 WL 1474414, at *4.

This mitigates against a conclusion that the on-call time was spent predominantly for the benefit of Dakota Heartland. Henson v. Pulaski County Sheriff Dep't, 6 F.3d 531, 533 (8th Cir. 1993). We are equally unpersuaded by the appellants' attempt to imply an employment contract based on manuals of Dakota Heartland; even if such a contract could be implied from these submissions (a proposition we find dubious), it would still not answer the question of whether the appellants' on-call time was spent "predominantly for the benefit of the employer." See Armour, 323 U.S. at 133.

Our decision is in accordance with the most closely analogous circuit decision on point. See Bright v. Houston Northwest Med. Ctr. Survivor, Inc., 934 F.2d 671 (5th Cir. 1991) (holding biomedical technician's off-premises "on-call" time was not "working time" under FLSA, where only restrictions were the use of a beeper, a 20-30 minute response time, and ban on alcohol). At the same time, we stress the limited nature of our holding. Technology will undoubtedly continue to reshape our concept of the workplace, and lead to new definitions of work and worktime. Accordingly, we will continue to utilize a "practical approach based on the realities of each case . . . ." Armour, 323 U.S. at 133.

The second issue on appeal concerns the appellants' claim that Dakota Heartland's formula for calculating overtime wages violates the FLSA. The FLSA requires that, "no employer shall employee any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 201(a)(1). Here, the parties dispute just exactly how to calculate "the regular rate at which" the nurses were employed, for the purposes of the overtime multiplier.

We find persuasive the district court's excellent and detailed reasoning on this technical issue, see Wisnewski, 2000 WL 1474414, at **6-8, and we would simply recommend the reader to it. As the district court pointed out, the appellants' calculation

uses the production bonus once to determine the regular rate and then adds in the full weight of that production bonus again into the calculation at the end. See Wisnewski, 2000 WL 1474414, at *7. Like the district court, we believe that the appellants' proposed formula would effectively overcount the production bonuses. See also Am. Fed'n of Gov't Employees, Local 3721, 732 F. Supp. 1, 4 (D.D.C. 1989) (expressly rejecting similar proposed formula for calculating the "regular rate").

The appellees have also filed a cross-appeal. They seek to "reverse" a comment by the district court in footnote 13 of its opinion. The district court stated: "Further, the court instructs that plaintiffs may be entitled to additional overtime compensation in this action if the related state court action on the meal break claim proves to be successful." Wisnewski, 2000 WL 1474414, at *8 n.13. This footnote refers to a North Dakota state claim concerning pay for meal breaks that the district court had severed from the federal case. The appellees contend that the district court no longer has jurisdiction over any substantive claims in this case, and thus it could not award the appellants any additional compensation for overtime pay, regardless of the outcome of the North Dakota state court proceedings. As such, they ask us to opine on the allegedly erroneous comment by the district court.

What the appellees are really asking for is an advisory opinion. To amend the district court's order, the appellants would first have to file a motion pursuant to Fed. R. Civ. P. 60. Assuming that occurred, the district court would then have to consider the issue anew, and actually render a final, appealable order. The proceedings in the district court have been stayed pending the appeal. As such, we have no final order to review, and this series of events may never unfold. Our judicial authority is limited to deciding actual cases and controversies; we may not rule on a hypothetical set of events. See Doe v. LaFluer, 179 F.3d 613, 615 (8th Cir. 1999). Accordingly, we decline to express an opinion on the district court's footnote.

Dakota Heartland also cross-appeals the district court's award of attorney's fees to the appellants. We have held that in cases where the defendant voluntarily grants the requested relief, rendering the claim or the lawsuit moot, the plaintiffs may still recover their attorney's fees "if the lawsuit was the cause of the remedial action and defendant's compliance was not gratuitous." Tyler v. Corner Constr. Corp., 167 F.3d 1202, 1205 (8th Cir. 1999). We agree with the district court's findings that these facts present a prototypical case for the catalyst theory of fee-shifting.

Since the district court's award, however, the Supreme Court issued its decision in Buckhannon v. W.V. Dept., Health & Human Res., 121 S. Ct. 1835 (2001). In Buckhannon, the Supreme Court reversed an award of attorney's fees under the catalyst theory for a civil action that corrected violations of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act. 121 S. Ct. at 1838, 1840-41. We express no opinion at this time on the effect this decision may have on the award. We do believe, however, that the basis for the award bears reconsideration in light of the Court's decision. We therefore vacate the district court's order granting attorney's fees to the appellants, and remand for reconsideration of this issue in light of the Supreme Court's decision in Buckhannon.

III

We vacate and remand for reconsideration the order awarding attorney's fees to the appellants. In all other respects, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-13-