Duane KENNEDY, Michael Ashby, Dennis Phillips, Stephen Pierce, Michael Sells, and Bill Medland, Appellants,

v.

The STATE of Iowa and the Iowa Department of Natural Resources, Appellees.

No. 03–0650.

Supreme Court of Iowa.

Oct. 6, 2004.

Pamela J. Walker and Mark D. Sherinian of Sherinian & Walker, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, and Kerry K. Anderson, Assistant Attorney General, for appellees.

WIGGINS, Justice.

Current and former peace officers brought an action against the State of Iowa and the Iowa Department of Natural Resources (DNR) for overtime compensation under the Fair Labor Standards Act (FLSA). Because we agree with the district court's decision that: (1) the peace officers are not entitled to be compensated for their drive time; (2) the State adopted a 29 U.S.C. § 207(k) (1988) workweek; (3) the State's policy of requiring the peace officers to take leave for absences less than a day does not violate the FLSA's salary-basis test; (4) the peace officers are not entitled to interest on their damages from the date of filing their action; (5) the peace officers' meal time is compensable; and (6) the filing of the action in federal court tolled the statute of limitations, we affirm the district court as to those matters. We, however, conclude the State cannot reduce the peace officers' overtime claims for hours off under its work-schedule-adjustment policy and reverse the district court as to that issue. Therefore, we affirm the district court's judgment in part, reverse it in part, and remand the case to the district court to redetermine

the damages, if any, consistent with this decision.

## I. Background Facts and Procedure.

The parties submitted this case on a stipulated record. The record included a stipulation of facts, exhibits, depositions, and testimony given in the companion case of *Raper v. State*, 688 N.W.2d 29, 34 (Iowa 2004), which we filed this day. The six plaintiffs are certified peace officers who are current and former employees of the DNR. The DNR has classified these peace officers as exempt under the FLSA. The peace officers sought overtime wages, liquidated damages, and attorney fees for alleged violations of the overtime provisions of the FLSA.

The peace officers originally filed their claim in federal court on February 16, 1996. The State moved to dismiss the case for lack of subject matter jurisdiction. On June 21, 1996, the federal district court dismissed the peace officers' entire case for lack of subject matter jurisdiction, which the Eighth Circuit later affirmed. *Raper v. Iowa*, 115 F.3d 623 (8th Cir.1997). Before the federal district court dismissed the peace officers' case for lack of subject matter jurisdiction, they filed this action in state court in April 1996. The district court stayed this case pending the outcome of *Anthony v. State*, 632 N.W.2d 897 (2001), because *Anthony* was preclusive on the issue of liability and binding on the parties in this action. After our decision in *Anthony*, this case was set for trial.

On March 18, 2003, the district court issued the first part of its order. Applicable to this appeal, the district court found: (1) the State has proven the existence of a twenty-eight-day work period; (2) the peace officers' travel time should be excluded from their overtime claims; (3) the peace officers' meal time is compensable; (4) there is no liability for overtime wages after January 31, 1996, despite the peace officers' contention the State's continuing policy of requiring employees to take vacation, sick leave, or other forms of leave for absences of less than a day violates the FLSA's salary-basis test; (5) the peace officers' overtime hours should be reduced by the amount of work-schedule-adjustment hours they have used; (6) the peace officers are not entitled to interest on their damages from the date of filing their action; and (7) the statute of limitations was tolled by the filing of the federal lawsuit.

On April 14, 2003, the trial court issued its second order regarding damages and entered its judgment. It awarded the peace officers nearly $70,000 in damages. Both parties appeal.

## II. Issues.

The peace officers ask us to review the following: (1) whether the peace officers are entitled to be compensated for their drive time; (2) whether the State adopted a 207(k) workweek; (3) whether the State is required to reduce the peace officers' overtime claims for hours off under its work-schedule-adjustment policy; (4) whether the State's policy of requiring the peace officers to take leave for absences for less than a day violates the FLSA's salary-basis test; and (5) whether the peace officers are entitled to interest on their damages from the date of filing their action in state court.

The State raises for review: (1) whether the peace officers' meal time is compensable; and (2) whether the filing of the action in federal court tolled the statute of limitations. We will discuss the facts as they relate to the issues.

## III. Scope of Review.

 We set out the standard of review in *Raper*, 688 N.W.2d at 36, where we stated:

Our review is for errors at law. The trial court's factual findings are binding on appeal if supported by substantial evidence. When a party challenges a district court's ruling for lack of substantial evidence, we view the evidence in the light most favorable to the judgment. When a reasonable mind would accept the evidence as adequate to reach a conclusion, the evidence is substantial. Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding. However, neither the district court's conclusions of law nor its application of its legal conclusions is binding on appeal. The burden of proving exempt status is on the employer. (Citations omitted.)

## IV. Are the Peace Officers Entitled to be Compensated for Their Drive Time?

■ Drive time is normally non-compensable. *Raper*, 688 N.W.2d at 45. The regulations applicable to peace officers provide:

> A police officer, who has completed his or her tour of duty and who is given a patrol car to drive home and use on personal business, is not working during the travel time even where the radio must be left on so that the officer can respond to emergency calls. Of course, the time spent in responding to such calls is compensable.

29 C.F.R. § 553.221(f) (1991).[1]

The two exceptions to the general rule that drive time is non-compensable are when drive time is an integral and indispensable part of the employment, or when there is a custom or practice between the employer and employee to compensate the employee for his or her drive time. *Raper*, 688 N.W.2d at 45.

### A. Was the peace officers' drive time an integral or indispensable part of their employment?

■ The district court found the peace officers are not entitled to compensation for their drive time. It concluded even though the peace officers drive state-owned vehicles that contain police equipment, the drive to and from home is still just a commute under the FLSA. The peace officers argue when they are driving their vehicles, they are watching for law violators, assisting the public, removing debris from the highway, and remaining in contact with other law enforcement officers.

Several federal courts have addressed this issue. In *Aiken v. City of Memphis*, plaintiffs sought compensation for the time spent commuting to work in their vehicles. 190 F.3d 753, 759 (6th Cir.1999). Similar to the case at hand, the plaintiffs in *Aiken* argued the city should compensate the police officers for their drive time because they must respond to emergencies they observe or receive notification of by dispatch while driving to work. *Id.* The court determined "monitoring a police radio does not convert commute time into compensable work" and "the amount of work involved in monitoring a police radio during a commute is simply *de minimis*." *Id.*

Similarly, in *Hellmers v. Town of Vestal*, a police officer sought compensation, among other things, for his commute time. 969 F.Supp. 837, 843 (N.D.N.Y.1997). The court noted police officers are not entitled

1. All references to the Code of Federal Regulations are to the 1991 Code, unless otherwise noted.

to FLSA compensation for commuting time spent in marked police cars. *Id.* The court noted, however, the town would likely be required to compensate the officer for any time he was required to respond to a police emergency or other police activity not incidental to his commute to work. *Id.* at 843 n. 2.

The stipulated record in this case notes incidents when a peace officer would stop on the officer's commute to perform law enforcement duties. As certified peace officers, these officers may take any enforcement action permitted by any sworn officer. Nevertheless, substantial evidence supports the district court's conclusion that any law enforcement duties performed on the commute did not change the commute into an integral or indispensable part of their employment. The record indicates two of the six peace officers did not include their drive time in their hours worked for payroll purposes. Further, the six officers rarely performed any law enforcement duties outside of enforcing the hunting and fishing laws. Most of the time, they left the enforcement of the laws not dealing with hunting and fishing violations to other law enforcement officers. A reasonable mind would find this evidence adequate to reach the conclusion these officers' drive time was no more than a noncompensable commute under the FLSA.

### B. Was there a custom or practice between the State and peace officers to compensate the peace officers for their drive time?

■ The district court did not rule on whether there was a custom or practice to compensate the peace officers for their drive time in its original findings of fact, conclusions of law, and order. The peace officers filed a motion to enlarge or amend the district court's ruling under Iowa Rule of Civil Procedure 1.904(2), asking the dis-

trict court to address this issue. The district court summarily denied the peace officers' motion. We, therefore, must assume the district court found against the peace officers on this issue.

■ In *Raper*, the plaintiffs raised many of the same issues involved in the present case. We determined drive time is compensable when there is a custom or practice between the employer and employee to compensate the employee for drive time. 688 N.W.2d at 45. In *Raper*, we reversed the district court by deciding there was no substantial evidence to support the court's finding there was not a custom to compensate the peace officers for their drive time. We concluded the evidence established a custom to compensate the peace officers for their drive time. In the present case, however, there is substantial evidence to support the district court's conclusion the State did not have a custom or practice to compensate the peace officers for their drive time. Only four of the six peace officers who brought this action considered their drive time compensable. The inconsistency in tracking work time by the peace officers supports the district court's decision the State did not have a custom or practice to compensate the peace officers for their drive time.

### V. Did the State Adopt a 207(k) Workweek?

■ Normally, an employer must pay overtime to an employee for work in excess of forty hours per week. 29 U.S.C. § 207(a). However, a special overtime provision for law enforcement employees exists if a public employer adopts a work period consisting of at least seven days and up to twenty-eight days, the employer is not required to pay overtime compensation on a forty-hour work week. 29 U.S.C. § 207(k). The regulations define a work

period as "any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than seven consecutive days or more than twenty-eight consecutive days." 29 C.F.R. § 553.224. A 207(k) work period "need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day." *Id.* Overtime compensation is not due until such time as the employee has worked more than 171 hours during the twenty-eight-day work period if an employer adopts a twenty-eight-day work period. 29 C.F.R. § 553.230(b).

The burden to prove the existence of the section 207(k) work period is with the State. *Barefield v. Vill. of Winnetka,* 81 F.3d 704, 710 (7th Cir.1996). An employer may establish a work period by a public declaration. *Spradling v. City of Tulsa,* 95 F.3d 1492, 1505 (10th Cir.1996). However, as long as the employer can demonstrate it factually established a 207(k) work period, a public declaration is not necessary, even if it did not have a 207(k) work period in mind when it adopted its scheduling. *Barefield,* 81 F.3d at 710.

The stipulation filed by the parties confirms the officers subordinate to the peace officers are scheduled based on a twenty-eight-day, 171–hour work period for purposes of the FLSA. The time sheets of the peace officers show the peace officers kept track of work time in the same manner as their subordinate officers. This method of recordkeeping supports these peace officers had a twenty-eight-day, 171–hour work period under the FLSA. Substantial evidence supports the conclusion the State factually established a 207(k) work period, without a public declaration, even if it did not have a 207(k) work period in mind when it adopted its scheduling.

## VI. Is the State Required to Reduce Plaintiffs' Overtime Claim for Hours off Under its Work Schedule Adjustment Policy?

The FLSA permits public employers to compensate employees for overtime hours by granting them compensatory time at the rate of one and one-half hours for each hour earned. 29 U.S.C. § 207(*o*)(1). This section provides in relevant part:

(*o*) Compensatory time

(1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

(2) A public agency may provide compensatory time under paragraph (1) only—

(A) pursuant to—

(i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or

(ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work....

*Id.*

The district court found there was an agreement between the peace officers and the State reached prior to the performance of the work to compensate the peace officers with hour-to-hour compensatory time off for hours worked in excess of eight hours per day or forty hours per week at straight time. The district court further

concluded this agreement substantially complied with the provisions of § 207(*o*) and ordered the State to recompute the peace officers' compensatory time as if their agreement required the State to compute compensatory time at time and one-half. The district court also ordered the State to immediately cash out any hours of compensatory time accrued, but not taken, that exceeded 480 hours. *See* 29 U.S.C. § 207(*o*)(3)(A) (providing employee engaged in public safety activity may not accrue more than 480 hours of compensatory time).

While we agree the district court's finding of fact is supported by substantial evidence, we disagree on the districts court's application of § 207(*o*) to its findings of fact. Section 207(*o*) allows a public employer to compensate an employee for overtime work with compensatory time rather than pay overtime pay as long as the following conditions are met: (1) compensatory time must be at the premium rate of not less than one and one-half hours per hour of overtime work; and (2) it must be pursuant to an agreement reached prior to the performance of the work. *Moreau v. Klevenhagen,* 508 U.S. 22, 26, 113 S.Ct. 1905, 1907, 123 L.Ed.2d 584, 592 (1993). The agreement between the State and the peace officers did not meet the condition that compensatory time must be at the premium rate of not less than one and one-half hours per hour of overtime work. The State's practice under this agreement was no more than paying the officers straight time for their overtime hours in the form of time off work in lieu of cash. This practice violated the overtime provisions of the FLSA.

 Whether in the guise of construction or otherwise, it is not within our province, function, duty, or power to alter, revise, modify, extend, rewrite, or remake an agreement by construction, or to make a new, or different, agreement for the parties. *Smith v. Stowell,* 256 Iowa 165, 171–72, 125 N.W.2d 795, 799 (1964). Similarly, we may not alter an agreement for the benefit of one party to the detriment of the other, or make a new agreement at the insistence of one of the parties by a process of interpretation, and relieve one of the parties from the terms of the agreement because of equitable considerations. *Id.* at 172, 125 N.W.2d at 799. We, therefore, must remand the case to the district court to determine the peace officers' damages consistent with this decision.

### VII. Did the State's Policy of Requiring the Peace Officers to Take Leave for Absences Less Than a Day Violate the FLSA's Salary–Basis Test?

 The State reduces a peace officers' pay for partial day absences if vacation or sick leave is not available. In *Raper,* we decided the rules adopted by the department of personnel requiring these peace officers to take leave for absences of less than a day in connection with sick leave and personal leave conform to the principles of public accountability under the Secretary's regulation found at 29 C.F.R. § 541.5d(a) (1993). *Raper,* 688 N.W.2d at 48. We, therefore, agree with the district court that the practice of requiring these peace officers to take leave for absences of less than a day in connection with sick leave and personal leave do not violate the FLSA's salary-basis test.

### VIII. Are the Peace Officers Entitled to Interest on Their Damages From the Date of Filing their Action?

The district court entered its order awarding damages to the peace officers under the FLSA. In the same order, the district court did not award the peace offi-

cers any damages under Iowa Code chapter 91A, Iowa's Wage Payment Collection Law.

■ The peace officers argue they are entitled to prejudgment interest under chapter 91A in accordance with Iowa Code section 535.3. We cannot award prejudgment interest provided for under section 535.3, because the district court did not award any damages under chapter 91A. In the district court, the peace officers did not contest the district court's failure to award damages under chapter 91A by filing a postjudgment motion. Because the peace officers failed to present this issue to the district court, they are precluded from raising the issue on appeal. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998).

## IX. Is the Peace Officers' Meal Time Compensable?

■ Meal time is compensable, if the employee spends his or her time predominantly for the benefit of the employer. *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir.2001).

Even if we would decide the case differently than the district court, the ultimate question is whether the evidence supports the findings made by the district court. *Raper*, 688 N.W.2d. at 51. Substantial evidence supports the district court's conclusion the peace officers' mealtime was predominantly for the benefit of the State. The State required the peace officers to stay in uniform, be available by cell phone, and assist the public if called upon to do so. Additionally, they are not allowed to conduct certain personal business, such as shopping, during their meal time. The stipulated record also revealed the peace officers would eat sack lunches while on stake-out, usually discuss law enforcement issues with other officers during meal time, and at least once during every meal break, the public interrupted the officers' meal time requiring the officer to answer a question or respond to a situation. A reasonable mind would accept this evidence as adequate to conclude these peace officers spend their meal time predominantly for the benefit of the State. *See Oakes v. Pennsylvania*, 871 F.Supp. 797, 800 (M.D.Pa.1995) (holding evidence that meal periods were interrupted to assist citizens created a genuine issue of material fact as to whether meal time was compensable).

## X. Did the Filing of the Action in Federal Court Toll the Statute of Limitations?

■ In *Raper*, we determined the federal doctrine of equitable tolling is applicable to a case dismissed for lack of subject matter jurisdiction under the Eleventh Amendment. *Raper*, 688 N.W.2d at 53. We also determined the State waived its sovereign immunity to be sued in state court for FLSA violations. *Id.* at 54. The procedural facts and circumstances of *Raper* are indistinguishable from the procedural history in the present case. Therefore, the district court was correct when it concluded the federal doctrine of equitable tolling is applicable to this action.

## XI. Disposition.

We affirm the judgment of the district court in all respects except for its judgment on compensatory time. We, therefore, remand the case to the district court to redetermine the damages, if any, of the peace officers consistent with this decision.

**AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**