REQUESTED BY: A. James Moravek
Nebraska Brand Committee
On June 18, 2007, you requested a formal opinion from the Attorney General's Office regarding (1) whether Neb. Rev. Stat. § 84-1001
(Reissue 1999) requires brand inspectors to work a forty-hour work week, (2) whether it is possible for on-call hours to satisfy Neb. Rev. Stat. § 84-1001 even though they do not satisfy wage and hour laws, and (3) whether the Legislature could pass a law applying only to the Brand Committee that would exempt it from § 84-1001(1).
I.
Neb. Rev. Stat. § 84-1001(1) requires that full-time employees of the Brand Committee render not less than forty hours of labor each week.
The requirements of Neb. Rev. Stat. § 84-1001(1) are applicable to the Nebraska Brand Committee inspectors. As noted in Op. Att'y Gen. No. 03021 (July 30, 2003):
The plain language of § 84-1001 indicates that all state "officers" or "employees," with the exception of part-time or temporary employees or members of boards or commissions not required to render full-time service, "shall render not less than forty hours of labor each week . . .
The Nebraska Legislature created the current requirements for the basic workweek in 1957 when it adopted LB 100. The primary purpose of 1957 Neb. Laws LB 100, which was later codified as Neb. Rev. Stat. §§84-1001 through 1005, was to reduce the minimum work hours for state employees from forty-four hours to forty hours per week and standardize holidays and benefits for state employees. Then in 1969 the Legislature amended Neb. Rev. Stat. § 84-1001, recognizing that:
Nebraska Brand Employees do not work a 40 hour week in the summer months because few cattle are being moved but in the spring and fall, the inspectors may work as much as 80 hours per week. Also, most farmers and ranchers get cattle on Saturdays and Sundays therefore the brand inspectors must work on the weekends so it is necessary that they be excluded.
Floor Debate on LB 1095, 80th Neb. Leg., 1461 (May 16, 1969) (Statement of Sen. Orme).
While it appears from the floor debate of LB 1095 (1969) that the Legislature intended to exempt the brand inspectors from Neb. Rev. Stat. §§ 84-1001(1) (the provision requiring forty hours of labor each week) and 84-1001(2) (the provision prohibiting work on paid holidays, Saturdays, and Sundays), the statutory language was amended to exempt the inspectors only from Neb. Rev. Stat. § 84-1001(2). See Neb. Rev. Stat. § 84-1005 (Reissue 1999). Since the Legislature has made no such exception from section (1) of the statute for the Committee employees, brand inspectors are required to "render not less than forty hours of labor each week except any week in which a paid holiday may occur." Neb. Rev. Stat. § 84-1001(1).
II.
The brand inspectors' on-call hours are not "labor" for purposes of Neb. Rev. Stat. § 84-1001(1).
The Nebraska Brand Committee brand inspectors' on-call hours are not "labor" for purposes of Neb. Rev. Stat. § 84-1001(1). Although there are several restrictions placed on the inspectors during their on-call time, these requirements are not so extensive that their on-call time may be characterized as "labor" for purposes of Neb. Rev. Stat. § 84-1001(1).
Brand inspectors are on-call at all times during daylight hours, and are required to remain within the geographic area to which they are assigned. See Nebraska Brand Committee Policy Regarding Outside Employment. Brand inspectors are allowed to have outside employment, but are required "to be able to leave any part-time work within fifteen minutes after being notified that [their] Brand Committee services are needed elsewhere." Id. If a brand inspector plans to be away from his or her duty station on any given day, they must complete a vacation leave form prior to departing.
In the absence of a statutory definition for the term "labor," the Nebraska Supreme Court has stated:
Webster's Encyclopedic Unabridged Dictionary of the English Language at 798 defines labor as "work, esp. of a hard or fatiguing kind; toil." Historically, the term "labor" has been associated with physical activity. See Walsh v. International Fidelity Insurance Co.,55 Misc. 2d 565, 285 N.Y.S.2d 327 (1967). In American Surety Co. of New York v. Stuart, 151 S.W.2d 886, 887 (Tex.App. 1941), the court noted: "`In legal significance labor implies toil; exertion producing weariness; manual exertion of a toilsome nature.'" This would imply that labor involves physical activity . . .
Hall v. Progress Pig, Inc., 259 Neb. 407, 414-415, 610 N.W.2d 420, 428
(2000). The Court has found in an employment context, however, that "the workweek ordinarily includes all the time during which an employee is necessarily required to be on the employer's premises, on duty, or at a prescribed workplace." Larry Lynn Banks v. Mercy Villa Care Center,225 Neb. 751, 755 (1987) (citing Anderson v. Mt. Clemens Pottery Co.,328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)).
While there is no express requirement that we utilize the Fair Labor Standards Act ("FLSA") description of "labor" or "workweek" for purposes of interpreting Neb. Rev. Stat. § 84-1001, the FLSA and its related caselaw certainly provide a good framework for defining "labor" in the employment context. Additionally, the FLSA interpretation is much more applicable in the employment context than the dictionary definition utilized in Hall v. Progress Pig, Inc. See 259 Neb. at 414-415,610 N.W.2d at 428.
As you recognized in your opinion request, the brand inspectors' on-call hours' are not required to be compensated pursuant to the FLSA.
The FLSA does not define when an employee is working for his or her employer. As a result, the burden has fallen largely on the federal courts, as well as the Department of Labor, to develop general criteria for deciding when an employee is working for the purposes of the FLSA. Most importantly, the Supreme Court developed a general approach for cases such as this in its twin decisions of Armour Co. v. Wantock,323 U.S. 126, 65 S. Ct. 165, 89 L.Ed. 118 (1944), and Skidmore v. Swift Co., 323 U.S. 134, 65 S. Ct. 161, 89 L.Ed. 124 (1944). The Court held that an employee's time is "work" for the purposes of the FLSA if it is spent "predominantly for the benefit of the employer." Armour,323 U.S. at 133, 65 S. Ct. 165. The Court noted that in some such cases "[f]acts may show that the [employee] waited to be engaged" and therefore was not working. Skidmore, 323 U.S. at 137-38, 65 S. Ct. 161. The Court stressed that the lower courts should take a "practical approach based on the realities of each case. . . ." Armour, 323 U.S. at 133, 65 S. Ct. 165.
Reimer v. Champion Healthcare Corp. 258 F.3d 720, 725 (8th Cir. 2001). In several FLSA cases where the employees were subject to restrictions similar to those imposed on the brand inspectors' during their on-call time, the courts have found that such on-call time was not compensable as work. See, e.g., Bright v. Houston Northwest Med. Ctr. Survivor, Inc.,934 F.2d 671 (5th Cir. 1991) (where employee was required to avoid intoxicating substances, be reachable by pager at all times, and be able to be present at his employer's premises within approximately twenty minutes of being paged); Berry v. County of Sonoma, 30 F.3d 1174 (9th Cir. 1994) (coroners not entitled to compensation for on-call time despite the fact that they were on call 24 hours a day, were required to respond to pages within 15 minutes, and received three to six calls per day), cert. denied, 513 U.S. 1150, 115 S. Ct. 1100, 130 L.Ed.2d 1067
(1995); Gilligan v. City of Emporia, Kansas, 986 F.2d 410 (10th Cir.1993) (sewer department employees not entitled to compensation for on-call time, although required to wear a pager, to participate in nothing that might prevent them from hearing the pager, to avoid alcohol, to respond within 30-60 minutes to a call, and to be subject to discipline for a failure to satisfy these requirements); Norton v. Worthen Van Service, Inc., 839 F.2d 653, 654 (10th Cir. 1988) (transport drivers were required to be geographically near enough to the employer's premises to be able to respond to calls within fifteen to twenty minutes).
While the brand inspectors' on-call time is subject to geographic and response-time restrictions, those restrictions are not so burdensome upon the inspectors that they are utilizing their on-call time predominantly for the benefit of their employer. It is clear that brand inspectors may utilize their on-call time for personal purposes, and are not performing labor for the Nebraska Brand Committee during their on-call hours. For these reasons, the brand inspectors' on-call hours are not "labor" for purposes of Neb. Rev. Stat. § 84-1001(1).
III.
The legislature may pass a law applying only to the Brand Committee that would exempt it from Neb. Rev. Stat. § 84-1001(1).
The requirement in Neb. Rev. Stat. § 84-1001(1) that state employees render not less than forty hours of labor each week was created by the Nebraska Legislature. Insofar as exempting the Nebraska Brand Committee from this requirement does not conflict with the Nebraska or United States Constitution or applicable federal law, the Legislature is free to adopt such an exemption. The Legislature has exempted the Nebraska Brand Committee from the requirements in subsection (2) of section 84-1001 in Neb. Rev. Stat. § 84-1005. The Legislature could exempt the Nebraska Brand Committee from subsection (1) of section 84-1001 in a similar manner.
Sincerely,
JON BRUNING Attorney General
Jodi M. Fenner Assistant Attorney General
Approved: Attorney General